

OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS
JOHN CORNYN

December 22, 2000

The Honorable Michael P. Fleming
Harris County Attorney
1019 Congress, 15th Floor
Houston, Texas 77002-1700

Opinion No. JC-0319

Re: Whether a county commissioners court may condition acceptance of bids for county public works project on attendance at a mandatory prebid conference (RQ-266)

Dear Mr. Fleming:

You ask whether a county commissioners court may condition acceptance of bids for a county public works project on attendance at a mandatory prebid conference. We conclude that a commissioners court may not do so.

As background to your request, you explain that the county engineer in your county would like "to impose mandatory pre-bid conferences on selected public works projects in order to ensure that all bidders are aware of the intricacies of the project" and to enable the county to "answer questions related to the scope of work."[1] We understand you to ask whether a county commissioners court may condition acceptance of bids for county public works projects on attendance at a mandatory prebid conference under the County Purchasing Act, subchapter C of chapter 262 of the Local Government Code. *See* Request Letter, note 1, at 1.

Section 262.023 of that subchapter generally requires a county to purchase goods and services according to competitive bidding or competitive proposals:

> (a) Before a county may purchase one or more items under a contract that will require an expenditure exceeding $25,000, the commissioners court of the county must comply with the competitive bidding or competitive proposal procedures prescribed by this subchapter. All bids or proposals must be sealed.

> (b) The competitive bidding and competitive proposal requirements established by Subsection (a) apply only to contracts for which payment will be made from current funds or bond funds or through

---

[1]Letter from Honorable Michael P. Fleming, Harris County Attorney, to Honorable John Cornyn, Texas Attorney General at 1 (Aug. 8, 2000) (on file with Opinion Committee) [hereinafter Request Letter].

> time warrants. However, contracts for which payments will be made through certificates of obligation are governed by The Certificate of Obligation Act of 1971 (Subchapter C, Chapter 271). Contracts for which payment will be made through anticipation notes are subject to the competitive bidding provisions of The Certificate of Obligation Act of 1971 (Subchapter C, Chapter 271) in the same manner as certificates of obligation.

TEX. LOC. GOV'T CODE ANN. § 262.023(a), (b) (Vernon Supp. 2000) (footnote omitted). We assume you ask about purchases exceeding $25,000 that are not exempt from section 262.023 by section 262.024. *See id.* § 262.024 (Vernon 1999) (items exempted from competitive bidding). As the memorandum brief submitted with your query focuses on the requirements of competitive bidding and the County Purchasing Act,[2] we also assume that your question does not pertain to competitive sealed proposals or to contracts subject to the Certificate of Obligation Act of 1971.

The County Purchasing Act requires a county to publish notice of a proposed purchase including specifications about the item to be purchased and other information about the purchase. *Id.* § 262.025. All bids for an item must be opened at the same time. *See id.* § 262.026 (Vernon Supp. 2000). After bids for an item have been opened, the officer in charge of opening the bids must present them to the commissioners court. *See id.* § 262.027(a) (Vernon 1999). Section 262.027 requires a commissioners court to award the contract to the lowest responsible bidder, providing in pertinent part:

> (a) . . . . Except as provided by Subsection (c), the court shall:
>
> > (1) award the contract to the responsible bidder who submits the lowest and best bid; or
> >
> > (2) reject all bids and publish a new notice.
>
> (b) If two responsible bidders submit the lowest and best bid, the commissioners court shall decide between the two by drawing lots in a manner prescribed by the county judge.
>
> (c) A contract may not be awarded to a bidder who is not the lowest dollar bidder meeting specifications unless, before the award, each lower bidder is given notice of the proposed award and is given an opportunity to appear before the commissioners court and present evidence concerning the lower bidder's responsibility.

---

[2]*See* Brief from Honorable Michael P. Fleming, Harris County Attorney, to Honorable John Cornyn, Texas Attorney General (Aug. 8, 2000) (on file with Opinion Committee).

*Id.* § 262.027(a), (b), (c).

Subsections (d) and (e) of section 262.027 provide special criteria for determining the lowest and best bid for a contract for the purchase of certain equipment and materials not relevant here. In addition, section 262.0275 provides that in determining who is a responsible bidder, the commissioners court may take into account the safety record of the bidder, if:

> (1) the commissioners court has adopted a written definition and criteria for accurately determining the safety record of a bidder;

> (2) the governing body has given notice to prospective bidders in the bid specifications that the safety record of a bidder may be considered in determining the responsibility of the bidder; and

> (3) the determinations are not arbitrary and capricious.

*Id.* § 262.0275.

The County Purchasing Act must be construed in light of counties' limited jurisdiction. In Attorney General Opinion JM-1215, for example, this office considered whether Harris County was authorized to prescribe a prevailing wage for nonpublic works contracts awarded under the County Purchasing Act. As this office noted, "[c]ounties may do only those things that they are authorized to do, either expressly or by necessary implication. *Canales v. Laughlin*, 214 S.W.2d 451 (Tex. 1948); *Anderson v. Wood*, 152 S.W.2d 1084 (Tex. 1941); *Childress County v. State*, 92 S.W.2d 1011 (Tex. 1936)." Tex. Att'y Gen. Op. No. JM-1215 (1990) at 2; *see also* Tex. Atty. Gen. Op. No. JC-0171 (2000) at 1 ("It is well settled that the authority of the commissioners court to contract [o]n behalf of the county is limited to that conferred either expressly or by necessary implication by the constitution and laws of this state."). This office concluded that Harris County was not authorized to prescribe a prevailing wage: "While the legislature has required that counties determine and pay local prevailing wage rates on public works contracts, it has made no such requirement in regard to other contracts. . . . [C]hapter 262 does not require the payment of prevailing wages generally. Nor do we find any other statute that expressly requires or necessarily implies that the commissioners court establish prevailing wage rates for contracts other than public works contracts." Tex. Att'y Gen. Op. No. JM-1215 (1990) at 2.

Here, the County Purchasing Act does not expressly authorize a county to require mandatory prebid conferences. Nor do we believe such authority must be necessarily implied from the County Purchasing Act as a county may convey information about a project to potential bidders in writing. Furthermore, we have identified two Texas statutes that expressly authorize political subdivisions to require bidders to attend prebid conferences. Significantly, the Water Code expressly authorizes a water district to "require attendance by a principal of each prospective bidder at mandatory prebid conferences." TEX. WATER CODE ANN. § 49.271 (Vernon 2000). A water district, like a county, exercises only such powers as have been expressly delegated to it by the constitution or the

legislature or which exist by clear and unquestioned implication. *See Tri-City Fresh Water Supply Dist. No. 2 of Harris County v. Mann*, 142 S.W.2d 945 (Tex. 1940); *Franklin County Water Dist. v. Majors*, 476 S.W.2d 371 (Tex. Civ. App.–Texarkana 1972, writ ref'd n.r.e.) (a water district may do only that which is authorized by the statute creating it). In addition, the Health and Safety Code authorizes political subdivisions to require prebid conferences to coordinate geotechnical investigation of a project site and prohibits such bodies from considering the bids of bidders who fail to attend a mandatory prebid conference. *See* TEX. HEALTH & SAFETY CODE ANN. § 756.023 (Vernon Supp. 2000) (authorizing political subdivision on a project in which trench excavation will exceed five feet to require bidders to attend prebid conference to coordinate geotechnical investigation of project site). The legislature's enactment of these statutes supports our conclusion that the authority of a limited-power political subdivision to condition acceptance of bids on attendance at a prebid conference must be expressly authorized by statute and may not generally be implied.

In sum, because the County Purchasing Act does not expressly or impliedly authorize a county to condition acceptance of a bid on the bidder's attendance at a prebid conference, such a condition is therefore beyond the authority of a commissioners court when it solicits bids under that statute. You also ask whether a bidder's proposal may be returned unopened if the contractor fails to attend a prebid conference. *See* Request Letter, *supra*, note 1, at 1. Given our conclusion that a county may not require mandatory prebid conferences, it follows that a county may not return a bid unopened because the contractor failed to attend a prebid conference. As we have noted, however, a county is authorized to require a prebid conference with respect to a project to the extent it will involve trench excavation that will exceed five feet. *See* TEX. HEALTH & SAFETY CODE ANN. § 756. 023 (Vernon Supp. 2000). Finally, we note that the County Purchasing Act does not preclude a county from holding nonmandatory prebid conferences with interested bidders, provided that it does not take attendance at such conferences into account in awarding contracts.

## S U M M A R Y

A county commissioners court may not condition acceptance of bids for a county public works project solicited pursuant to the County Purchasing Act, TEX. LOC. GOV'T CODE ANN. ch. 262, subch. C (Vernon 1999 & Supp. 2000), on attendance at a mandatory prebid conference.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

SUSAN D. GUSKY
Chair, Opinion Committee

Mary R. Crouter
Assistant Attorney General - Opinion Committee